# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONNIE VAN ZANT, INC., GARY R. ROSSINGTON, JOHNNY VAN ZANT, BARBARA HOUSTON, as the Trustee of the ALLEN COLLINS TRUST, and ALICIA RAPP and CORINNA GAINES BIEMILLER, as the Personal Representatives of the Estate of STEVEN GAINES,<br><br>          Plaintiffs,<br><br>     -against-<br><br>ARTIMUS PYLE (a/k/a THOMAS D. PYLE), CLEOPATRA RECORDS, INC., CLEOPATRA FILMS, a division of CLEOPATRA RECORDS, INC., JOHN DOE, JANE DOE, XYZ CORPORATION, and XYZ LLC (the names of the last four defendants being fictitious and unknown to plaintiffs, and intended to designate persons or entities that have or may have a role in the production and distribution of the Motion Picture complained of in the Complaint herein),<br><br>          Defendants. | Case No: 17-cv-3360 (RWS)<br><br>**DEFENDANTS CLEOPATRA RECORDS, INC.'S AND CLEOPATRA FILMS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ESI, AND THINGS** |

Defendants Cleopatra Records, Inc. and Cleopatra Films ("Defendants"), by and through their attorneys, Mandel Bhandari LLP, 80 Pine Street, 33rd Floor, New York, New York, 10005, hereby responds to Defendants' First Request for the Production of Documents, Electronically Stored Information and Things (the "Document Requests") as follows:

## GENERAL OBJECTIONS

The following general objections are incorporated into each specific response and objection to the Document Requests as if fully set forth in such response and objection:

1.      Defendants object to the Document Requests to the extent they require disclosure of information that is protected by the attorney-client privilege, attorney work-product privilege,

or any other applicable privilege or is otherwise protected from disclosure under applicable privileges, laws, or rules.  Defendants further object to providing any information concerning privileged documents that would, in effect, reveal privileged information.

2.	Defendants object to the Document Requests to the extent they may be construed to request disclosure of information not relevant to any party's claims or defenses or not reasonably calculated to lead to the discovery of admissible evidence.

3.	Defendants object to the Document Requests to the extent that they contain requests that are vague, ambiguous, overly broad, oppressive, duplicative or unduly burdensome.

4.	Defendants object to the Document Requests to the extent that they are not related to the time period at issue in this action.  Unless otherwise stated, Defendants will produce documents from January 1, 2015 onward.

5.	Defendants object to the Document Requests to the extent they seek information already in the possession of Defendants.

6.	Defendants object to the Document Requests to the extent they seek information more readily ascertainable by alternative means of disclosure.

7.	Defendants object to the Document Requests to the extent they seek confidential or proprietary business information.

8.	Defendants object to the Document Requests to the extent they seek information that is not in their possession, custody, or control.

9.	Defendants object to the Document Requests to the extent they seek confidential or proprietary business, commercial or financial information of Defendants or any parent, subsidiary, affiliate or related entity of Defendants.  Defendants also object to the Document Requests, including the Definitions and Instructions, to the extent they call for the production of

Defendants' trade secrets or intellectual property.  Defendants will not disclose such information or produce such documents, and any inadvertent disclosure or production shall not be deemed a waiver of any privilege, immunity or other protection.

      10.     Defendants object to the time limit for production contained in the Document Requests on the ground that it is unduly burdensome.  Given the volume of documents requested, the time limit in the Document Requests is not a reasonable amount of time to complete the production.

      11.     Defendants have exercised due and reasonable diligence in responding to the Document Requests.  Defendants reserve their right to supplement or amend any and all parts of the responses provided herein, and to object to the admissibility in evidence of any of the information contained in the responses, any portion of the documents produced in response to Plaintiffs' requests, and any information contained in the documents.

      12.     Defendants submit these responses without conceding the relevancy or materiality of the subject matter of any request, response thereto, or document.

      13.     Defendants submit these responses and shall make documents available for inspection and copying without waiving any applicable privilege.  In the event that Defendants make any privileged document available to Plaintiffs, whether inadvertently or otherwise, Defendants do not waive and reserve their right to assert any applicable privilege and require that the document be returned to Defendants.

      14.     Defendants object to the Document Requests to the extent that Plaintiffs seek to impose on Defendants any obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the Southern and Eastern Districts of New York, and other applicable statues, rules, and case law.

15. Defendants object to the "Instructions" and "Definitions" contained in the Document Requests to the extent that they proffer rules of language construction and interpretation that differ from or contradict ordinary English grammar and usage.

16. Defendants' objections and responses to specific items in the Document Requests are not intended, nor should they be construed, to imply that any responsive document in fact exists.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

17. Defendants object to the definition of "Pyle" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Pyle" will be interpreted to be limited to Artimus Pyle.

18. Defendants object to the definition of "Cohn" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Cohn" will be interpreted to be limited to Jared Michael Cohn.

19. Defendants object to the definition of "Perera" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Perera" will be interpreted to be limited to Brian Perera.

20. Defendants object to the definition of "Cohen" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Cohen" will be interpreted to be limited to Evan S. Cohen, Esq.

21. Defendants object to the instructions in Instructions 15, 16 and 18 on the ground that they require Defendants to produce documents in a manner that is inconsistent with applicable statutes, rules, decisions and case law.

## RESPONSES TO REQUESTS

Without waiver of the foregoing objections, Defendants specifically respond and object to Plaintiffs' Document Requests as follows:

**DOCUMENT REQUEST NO. 1:**

The Motion Picture, including, without limitation, any raw footage or edited footage related thereto stored on any Media.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce the final shooting script concerning the Motion Picture.

**DOCUMENT REQUEST NO. 2:**

The film treatment concerning the Motion Picture, including, without limitation, any drafts or outlines thereof.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce the final shooting script concerning the Motion Picture.

**DOCUMENT REQUEST NO. 3:**

The screenplay or script concerning the Motion Picture, including, without limitation, any drafts or outlines thereof.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows:  Defendants will produce the final shooting script concerning the Motion Picture.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to identify the stage of production of the Motion Picture as of May 17, 2017.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents sufficient to show that principal photography for the Motion Picture has been completed.

**DOCUMENT REQUEST NO. 5:**

Documents concerning any engagement letters, retainer agreements, contracts, understandings or arrangements between or among Cleopatra and Pyle, including, without limitation, any amendments, restatements, renewals, replacements, extensions, supplements, modifications, schedules, riders, and ancillary documents related thereto.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents responsive to this request within their possession, custody, or control.

**DOCUMENT REQUEST NO. 6:**

Documents concerning any invoices or bills for services rendered by Pyle to or for Cleopatra.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents responsive to this request within their possession, custody, or control.

**DOCUMENT REQUEST NO. 7:**

Documents concerning any records of time or expenses of Pyle for services rendered by Pyle to or for Cleopatra.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents responsive to this request within their possession, custody, or control.

**DOCUMENT REQUEST NO. 8:**

Documents concerning any payments made by or on behalf of Cleopatra to Pyle.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents sufficient to show payments made by or on behalf of Cleopatra to Pyle concerning the Motion Picture.

**DOCUMENT REQUEST NO. 9:**

Documents concerning any engagement letters, retainer agreements, contracts, understandings or arrangements between or among Cleopatra and Cohn concerning the Motion Picture, including, without limitation, any amendments, restatements, renewals, replacements, extensions, supplements, modifications, schedules, riders, and ancillary documents related thereto.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce any contracts between Cleopatra and Cohn responsive to this request within their possession, custody, or control.

**DOCUMENT REQUEST NO. 10:**

Documents concerning any invoices or bills for services rendered by Cohn to or for Cleopatra concerning the Motion Picture.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 11:**

Documents concerning any records of time or expenses of Cohn for services rendered by Cohn to or for Cleopatra concerning the Motion Picture.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 12:**

Documents concerning any payments made by or on behalf of Cleopatra to Cohn concerning the Motion Picture.

**RESPONSE:**

Defendants object to this request as unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Su Subject to and without waiving the above objections or any general

8

objections, Defendants respond as follows: Defendants will produce documents sufficient to show payments made by or on behalf of Cleopatra to Cohn concerning the Motion Picture.

**DOCUMENT REQUEST NO. 13:**

Documents concerning any distribution or potential distribution of the Motion Picture.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 14:**

Documents concerning the research conducted or information obtained by Cohn referenced in Paragraphs 7 through 10 and 12 of the Cohn Declaration, including, without limitation, any audio or video recordings, tapes, transcripts, notes, records, digests, minutes, reports, summaries, outlines, and communications relating thereto.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request on ground that this information is confidential and proprietary, and Plaintiffs purport to be making a competing film.

**DOCUMENT REQUEST NO. 15:**

Documents concerning "the extensive research that would be done for the film" referenced in Paragraph 8 the Perera Declaration, including, without limitation, any audio or video recordings, tapes, transcripts, notes, records, digests, minutes, reports, summaries, outlines, and communications relating thereto.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to

9

the discovery of admissible evidence. Defendants also object to this request on ground that this information is confidential and proprietary, and Plaintiffs purport to be making a competing film.

**DOCUMENT REQUEST NO. 16:**

Documents concerning the interviews of Pyle by Cohn referenced in Paragraph 11 of the Cohn Declaration, including, without limitation, any audio or video recordings, tapes, transcripts, notes, records, digests, minutes, reports, summaries, outlines, and communications relating thereto.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents responsive to this request within their possession, custody, or control.

**DOCUMENT REQUEST NO. 17:**

Documents concerning the interviews of Pyle referenced in Paragraph 9 of the Perera Declaration, including, without limitation, any audio or video recordings, tapes, transcripts, notes, records, digests, minutes, reports, summaries, outlines, and communications relating thereto.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents responsive to this request within their possession, custody, or control.

**DOCUMENT REQUEST NO. 18:**

Documents concerning the "original plan" referenced Paragraph 9 of the Perera Declaration.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above objections or

any general objections, Defendants respond as follows:  Defendants will produce documents responsive to Request No. 5 within their possession, custody, or control.

**DOCUMENT REQUEST NO. 19:**

Documents concerning the efforts made to "address [Plaintiffs'] concerns" referenced in Paragraph 9 of the Perera Declaration.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents responsive to this request within their possession, custody, or control.

**DOCUMENT REQUEST NO. 20:**

Documents concerning any attempt to license or use musical compositions or recordings of Lynyrd Skynyrd referenced in Paragraph 13 of the Cohn Declaration and Paragraph 12 of the Perera Declaration.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents responsive to this request within their possession, custody, or control.

**DOCUMENT REQUEST NO. 21:**

Documents concerning the "big 'cards'" referenced in Paragraph 14 of the Cohn Declaration and Paragraph 13 of the Perera Declaration.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents responsive to this request within their possession, custody, or control.

**DOCUMENT REQUEST NO. 22:**

Documents concerning the financing of the Motion Picture.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce documents sufficient to show how much money has been spent on the Motion Picture.

**DOCUMENT REQUEST NO. 23:**

Documents concerning the budget for the Motion Picture, including, without limitation, any spreadsheets, estimates, reports, analyses, files, memoranda, books, records, ledgers or transaction histories.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce the most recent budget for the Motion Picture.

**DOCUMENT REQUEST NO. 24:**

Documents concerning the "expect[ation] to spend at least [the budgeted amount of $1.3 million] making the film" set forth in Paragraph 15 of the Perera Declaration.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 25:**

Documents concerning any communications relating to the Motion Picture to or from Pyle or Cleopatra, including, without limitation, documents comprising such communications.

12

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce communications between Cleopatra and Pyle concerning the Motion Picture.

**DOCUMENT REQUEST NO. 26:**

Documents concerning any communications relating to the Motion Picture between personnel of Cleopatra, including, without limitation, documents comprising such communications.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 27:**

Documents concerning any communications between counsel for Cleopatra, including, without limitation, Cohen or any attorney associated with Mandel Bhandari LLP, and Pyle, including, without limitation, documents comprising such communications.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce communications between Cleopatra and Pyle.

**DOCUMENT REQUEST NO. 28:**

Documents concerning any publicity for the Motion Picture generated or caused to be generated by Cleopatra.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows:  Defendants will produce documents concerning each of the three articles attached to the Motion dating prior to the publication of each article within their possession, custody, or control.

**DOCUMENT REQUEST NO. 29:**

To the extent not otherwise produced, documents reflecting or containing information regarding the documentary and testimonial evidence that You contend supports the allegations made by You in opposition to the Motion.

**RESPONSE:**

Defendants object to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work-product privilege.

**DOCUMENT REQUEST NO. 30:**

To the extent not otherwise produced, any written or recorded statements or affidavits obtained by You concerning matters set forth in Your opposition to the Motion.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome and calling for information not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this request as calling for information protected under the work product doctrine.

**DOCUMENT REQUEST NO. 31:**

Documents that You will utilize, rely on, present, or offer into evidence during any hearing or at trial.

**RESPONSE:**

Defendants object to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work-product privilege.

**Dated:** New York, New York
May 26, 2017

BY:   /s/ Evan Mandel

Evan Mandel
Donald Conklin
Mandel Bhandari LLP
80 Pine Street, 33rd Floor
New York, NY 10005
T:  (212) 269-5600
F:  (646) 964-6667
em@mandelbhandari.com

*Attorneys for Cleopatra Records, Inc. and Cleopatra Films*

15