UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONNIE VAN ZANT, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> ARTIMUS PYLE (a/k/a THOMAS D. PYLE), ET AL., <br><br> Defendants. | 17 Civ. 3360 <br><br><br> DEFENDANT ARTIMUS PYLE'S ANSWER |

Defendant Artimus Pyle (a/k/a Thomas D. Pyle) (hereinafter "Pyle"), answering the Complaint of Plaintiffs, alleges and states as follows:

## ANSWER AND DEFENSES

### FIRST DEFENSE, AS TO ALL CLAIMS

Pyle denies each allegation of Plaintiffs' Complaint not hereinafter specifically admitted.

Pyle responds as follows to each separately numbered paragraph:

1. Pyle admits Plaintiffs have filed this lawsuit alleging the Motion Picture violates the Consent Order, which is attached to the Complaint as Exhibit A. Pyle expressly denies he has violated the Consent Order.

2. Admitted upon information and belief.

3. Admitted, except upon information and belief, Rossington is the only surviving member of Lynrd Skynrd currently performing in the band by that name.

4. Admitted, except upon information and belief, Rossington is the only surviving member of Lynrd Skynrd currently performing in the band by that name.

5. Admitted upon information and belief.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7-6-17

6. Admitted upon information and belief.

7. Pyle admits he was a member of Lynrd Skynrd who survived the 1977 plane crash and was inducted into the Rock and Roll Hall of Fame in 2006 as the drummer for Lynrd Skynrd.

8. Pyle admits upon information and belief the corporate allegations regarding Cleopatra Records, but denies he worked in concert with Cleopatra with respect to the Motion Picture. Pyle admits he provided historical fact regarding his story and life experiences in the course of interviews for the Motion Picture.

9. Pyle admits upon information and belief the corporate allegations regarding Cleopatra Films, but denies he worked in concert with Cleopatra with respect to the Motion Picture. Pyle admits he provided historical fact regarding his story and life experiences in the course of interviews for the Motion Picture.

10. Pyle does not have knowledge of the allegations in paragraph 10 and therefore denies them.

11. Admitted upon information and belief.

12. Pyle admits the Consent Order is a document in writing that speaks for itself.

13. Pyle admits the Consent Order is a document in writing that speaks for itself.

14. Pyle does not have knowledge of the allegations in paragraph 14 and therefore denies them.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted upon information and belief.

20. Admitted.

21. Admitted, except the band was traveling from a show in Greenville, South Carolina.

22. Admitted.

23. Admitted upon information and belief, except Pyle is not aware of what was "previously found by this Court."

24. Pyle admits upon information and belief that Judy had conversations with various producers and directors, but no deal was ever done and that such decision was not always Judy's.

25. Admitted.

26. Pyle admits that while he and other surviving members of Lynrd Skynrd were on the road for the Tribute Tour making money for their families and the families of their deceased friends, including Judy Van Zant Jenness, Judy filed a lawsuit to stop them.

27. Admitted.

28. Pyle admits the 1988 Opinion is a document in writing that speaks for itself.

29. Pyle admits the Consent Order was entered by this Court. Pyle denies he participated in any settlement negotiations.

30. Pyle admits he signed the Consent Order and noted it was "Under Protest."

31. Denied.

32. Pyle admits the Consent Order is a document in writing that speaks for itself.

33. Pyle admits the Consent Order is a document in writing that speaks for itself.

34. Pyle admits the Consent Order is a document in writing that speaks for itself.

35. Pyle admits the Consent Order is a document in writing that speaks for itself.

36. Admitted.

37. Pyle admits the Consent Order is a document in writing that speaks for itself.

38. Pyle admits the Consent Order is a document in writing that speaks for itself.

39. Pyle admits the Consent Order is a document in writing that speaks for itself.

40. Pyle admits the Consent Order is a document in writing that speaks for itself.

41. Pyle admits the Consent Order is a document in writing that speaks for itself.

42. Pyle admits the Consent Order is a document in writing that speaks for itself.

43. Pyle admits the Consent Order is a document in writing that speaks for itself.

44. Pyle admits the Consent Order is a document in writing that speaks for itself and Pyle further admits he is free to exploit his own personal life story.

45. Pyle admits Cleopatra is free to make the Motion Picture and Pyle denies he co-wrote the Motion Picture or otherwise violated the Consent Order.

46. Admitted.

47. Pyle admits disputes arose between him and other members of the band due to the other members' substance abuse which interfered with the quality of their musical performance. Pyle left the band in 1991, hoping that action would cause the other members to change their behavior.

48. Pyle admits the Termination Agreement is a document in writing that speaks for itself.

49. Pyle admits the Termination Agreement is a document in writing that speaks for itself.

50. Pyle admits he pled guilty to a crime he did not commit because he ran out of money for his legal defense and to avoid a lengthy jail term. Pyle expressly denies that he committed the acts with which he was charged.

51. Denied.

52. Pyle does not have knowledge of the allegations in paragraph 52 and therefore denies them. Pyle denies he is producing any motion picture.

53. Pyle does not have knowledge of the allegations in paragraph 53 and therefore denies them.

54. Pyle does not have knowledge of the allegations in paragraph 54 and therefore denies them.

55. Pyle does not have knowledge of the allegations in paragraph 55 and therefore denies them.

56. Pyle does not have knowledge of the allegations in paragraph 56 and therefore denies them.

57. Pyle admits the Consent Order is a document in writing that speaks for itself.

58. Pyle does not have knowledge of the allegations in paragraph 58 and therefore denies them.

59. Pyle does not have knowledge of the allegations in paragraph 59 and therefore denies them.

60. Pyle does not have knowledge of the allegations in paragraph 60 and therefore denies them.

61. Pyle admits he was interviewed by Jared Cohn about his life, but expressly denies he is a writer or co-writer of the Motion Picture.

62. Pyle admits there have been articles that are documents in writing that speak for themselves, but denies that he "continues to promote the Motion Picture" and denies any liability associated with such statement.

63. Pyle admits making this statement, but denies any liability associated with such statement.

64. Pyle admits making this statement, but denies any liability associated with such statement.

65. Denied.

66. Pyle admits making this statement, but denies any liability associated with such statement.

67. Denied.

68. Pyle admits Plaintiffs have made such allegations in this lawsuit, but he expressly denies liability for violating the Consent Order.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## FIRST CAUSE OF ACTION

### Permanent Injunction

73. Pyle repeats and incorporates his responses to the allegations set forth in paragraphs 1 through 72 above as if fully set forth herein.

74. Pyle admits the Consent Order is a document in writing that speaks for itself.

75. Pyle admits he signed the Consent Order "Under Protest" and admits that he signed the Termination Agreement. Except as expressly admitted, the allegations are denied.

76. Pyle admits he has complied with the Consent Order.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## SECOND CAUSE OF ACTION

### Attorneys' Fees

83. Pyle repeats and incorporates his responses to the allegations set forth in paragraphs 1 through 82 above as if fully set forth herein.

84. Pyle admits the Consent Order is a document in writing that speaks for itself.

85. Denied.

86. Denied.

Pyle denies all of the allegations of Plaintiffs' "Prayer for Relief," specifically including each enumerated sub-part therein.

## SECOND DEFENSE

Pyle has not breached or violated any duty or obligations owed to Plaintiffs under the Consent Order or otherwise.

## THIRD DEFENSE

In the alternative, Pyle is not subject to the Consent Order because he indicated his signature was "Under Protest" due to duress and coercion.

## FOURTH DEFENSE

Plaintiffs are estopped from bringing these claims against Pyle and other Defendants because Plaintiffs have violated the Consent Order numerous times.

## FIFTH DEFENSE

No action, omission or conduct by Pyle has directly or proximately caused any damage to Plaintiffs.

## SIXTH DEFENSE

Plaintiffs' claims for relief are barred in whole or in part under the equitable doctrine of unclean hands.

## SEVENTH DEFENSE

Plaintiffs' claims for relief are barred in whole or in part under the equitable doctrines of waiver and release.

## EIGHTH DEFENSE

Pyle reserves the right to assert such other defenses to the Complaint and reserves the right to amend this Answer.

**WHEREFORE**, Pyle hereby requests that the Court:

1. Enter an award in Pyle's favor on Plaintiffs' claims and find that Plaintiffs have and recover nothing from Pyle; and

2. Award Pyle such other and further relief as the Court may deem just and proper.

This the 27th day of June, 2017.

_____
Thomas D. Pyle a/k/a Artimus Pyle
103 Kennedy Street
Black Mountain, NC 28711
*Pro Se*

Evan Mandel
Mandel Bhandari LLP
80 Pine Street, 33rd Floor
New York, NY 10005
*Attorney for Cleopatra Defendants*

Date:  June 27, 2017.

_____
Thomas D. Pyle a/k/a Artimus Pyle



