UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/17

----------------------------------------X

RONNIE VAN ZANT, INC., et al.,

          Plaintiffs,

    - against -

ARTIMUS PYLE, et al.,

          Defendants.
----------------------------------------X

17 Civ. 3360 (RWS)

OPINION AND ORDER

**Sweet, D.J.**

In its Opinion and Order dated August 23, 2017 (the "Opinion," Dkt. No. 61), the Court determined, *inter alia*, that Defendants Cleopatra Records, Inc. ("Cleopatra Records"), Cleopatra Films (together with Cleopatra Records, "Cleopatra"), and Artimus Pyle ("Pyle" and, together with Cleopatra, the "Defendants") engaged in actions in violation of the Consent Order, Judgment, and Decree dated October 11, 1988 (the "Consent Order"). The Court concluded further that Plaintiffs Ronnie Van Zant, Inc., Gary R. Rossington, Johnny Van Zant, Barbara Houston, as the Trustee of the Allen Collins Trust, and Alicia Rapp and Carinna Gaines Biemiller, as the personal representatives of the estate of Steven Gaines (collectively, the "Plaintiffs") were entitled to a permanent injunction and an award of reasonable attorneys' fees and costs. (See Opinion at 1.)

On August 30, 2017, the Court requested the parties submit proposed judgment language and attorneys' fees and costs. (Dkt. No. 68.) The conflicting proposed judgments and authorities in support have been received. (See Dkt. Nos. 69, 71, 72.)

The annexed Judgment, dated September 13, 2017, is appropriate to ensure continued adherence to the Consent Order's strictures, which include circumscribed use of the name Lynyrd Skynyrd and name, likeness, portrait, picture, performances, or biographical material of Ronald Van Zant or Steven Gaines. This relief is focused on the protection of Plaintiffs' rights, which have been violated by Defendants' film in its present form.

The requested destruction of Defendants' film is denied at this time without prejudice to renewal in the event that any use of the film is alleged to violate the Judgment.

Defendants were appropriately charged with the clear terms of the Consent Order by July 2016. The actions of all Defendants thereafter continued to violate the "in concert or participation with" portions of the Consent Order as detailed in the Opinion and, as violators of the Consent Order, they are bound by its

terms, including with respect to attorneys' fees. (See Opinion at 4-6, 40-42, 61-62.)

It is so ordered.

New York, NY
September $l\,5$ , 2017

ROBERT W. SWEET
U.S.D.J.